## State of Vermont v. Robert C. LaBelle

[420 A.2d 851]

No. 409-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

Motion for Reargument Denied, Not Being Timely Filed, V.R.A.P. 40, on June 25, 1980. Defendant's Motion Filed July 1, 1980, Denied September 17, 1980

*Mark J. Keller,* Chittenden County State's Attorney, *Norman R. Blais,* Chief Deputy State's Attorney, and *Nancy G. Sheahan,* Law Clerk (On the Brief), Burlington, for Plaintiff.

*James M. Farrell* and *Joel W. Page,* Farrell Law Offices, Burlington, for Defendant.

**Per Curiam.** This is an appeal from a conviction of driving while intoxicated in violation of 23 V.S.A. § 1201(a)(2). The defendant objected at trial to the admission of a breath sample and a chart of tracings reflecting the gas chromatograph intoximeter analysis of the sample. The exhibits were received in evidence and put before the jury accompanied by an instruction directing it to decide for itself the reliability of the results. The jury convicted, and the defendant pressed his argument by a motion for a new trial. That was denied below and now the issue is here.

The evidence disclosed that an identifying number on the exhibit had been struck over, changing 2498 to 2499. There was testimony that the number 2498 related to a different person's analysis. The state chemist accounted for the alteration simply by saying that he discovered he had assigned a wrong number and changed it, but that the identity of the defendant's breath sample was never confused. The argument below was that this change cast a sufficient doubt on the test results to justify their exclusion as a matter of law.

Review of the matter in proper perspective begins with the testimony of the arresting officer. He took a sample of the defendant's breath using a standard "crimper" kit. He stated that he placed the sample in the box provided, labelled the box, sealed it and placed it in a security refrigerator at the police station. At trial the officer identified the box by means of the presence of the defendant's name on the outside of the box in the officer's handwriting. The chemist testified that he received the labelled kit, with seals intact, by hand delivery from the police department.

For the purpose of admissibility, this evidence sufficiently identifies the breath sample as being the one taken from the defendant. See *State* v. *Ross,* 130 Vt. 235, 239–42, 290 A.2d 38, 41–42 (1972); *State* v. *Auger,* 124 Vt. 50, 57, 196 A.2d 562, 566–67 (1963). With it in the case the sample was prop-

erly available to the jury for consideration. The doubt sought to be raised by the defendant was sufficiently dispelled by the presence of the officer's identification which persisted into the hands of the chemist.

It has not been argued here, nor was there objection at the trial, that the claimed mixup of laboratory numbers calls into question the connection between the sample and the test results assigned to it. Whether or not such a question is present, the issue is not before us.

*Judgment affirmed.*